IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* § | | |
| § | | |
| **CHRISTOPHER WILLIAM HOSKINS,** § | Case No. 13-11965-hcm | |
| § | (Chapter 7) | |
| *Debtor* § | | |

_____

| | | |
|---|---|---|
| **RIVER CITY AIR & ELECTRIC, INC.,** § | | |
| **FRED W. HOSKINS, INDIVIDUALLY,** § | | |
| **and KEVIN HOSKINS, INDIVIDUALLY** § | | |
| § | | |
| *Plaintiffs* § | | |
| § | **Adversary Proceeding No. _____** | |
| § | | |
| *vs.* § | | |
| § | | |
| **CHRISTOPHER WILLIAM HOSKINS,** § | | |
| § | | |
| *Defendant* § | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER
11 U.S.C. §523 AND TO DENY DISCHARGE UNDER 11 U.S.C. §727**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME RIVER CITY AIR & ELECTRIC, INC., FRED W. HOSKINS, Individually, and KEVIN HOSKINS, Individually, creditors in the above entitled and numbered Chapter 7 proceeding and Plaintiffs in this adversary proceeding (jointly referred to in this Complaint as "Plaintiffs"), complaining of CHRISTOPHER WILLIAM HOSKINS, the Debtor in such Chapter 7 proceeding and the Defendant in this adversary proceeding ("Defendant"). In this adversary proceeding, Plaintiffs seek a determination by the Bankruptcy Court that Defendant's indebtedness to the Plaintiffs is nondischargeable under the provisions of 11 U.S.C. §§523(a)(2), 523(a)(4) and

523(a)(6). Plaintiffs also seek a judgment denying the Defendant a discharge in bankruptcy under the provisions of 11 U.S.C. §727(a). In support of such requested relief, Plaintiffs would respectfully show the Court the following:

1.      The United States District Court for the Western District of Texas has jurisdiction of the subject matter of this adversary proceeding under the provisions of 28 U.S.C. §1334(b). This adversary proceeding is automatically referred to the Bankruptcy Court pursuant to the provisions of 28 U.S.C. §157(a) and the District Court's standing Order of Reference of Bankruptcy Cases and Proceedings, signed October 4, 2013.

2.      This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b); consequently, this proceeding may be heard and determined by the bankruptcy judge, and a final judgment may be entered herein by the bankruptcy judge, subject to review under 28 U.S.C. §158.

3.      Venue is proper in the Western District of Texas under 28 U.S.C. §1409(a), because Defendant's Chapter 7 bankruptcy proceeding is pending in that district.

4.      Prior to the commencement of the above entitled and numbered Chapter 7 proceeding, Defendant, beginning on or about March, 2006, was employed as an assistant general manager of Hoskins Electric Company and River City Mechanical, Inc., predecessors of River City Air & Electric, Inc., Plaintiff. Defendant purchased six percent (6%) of the stock in River City Mechanical, Inc. on or about January 1, 2007 and purchased fifteen percent (15%) of the stock in Hoskins Electric Company on or about January 1, 2008. The Stock Purchase contracts were in writing and contained a covenant not to compete. Defendant also held an officer position of Vice President in River City Mechanical, Inc. Defendant is currently a debtor in this Court, having filed a voluntary petition under

Chapter 7 of the Bankruptcy Code on October 24, 2013 docketed as Case No. 13-11965 in this Court (the "Bankruptcy Case").

5. Hoskins Electric Company, River City Mechanical, Inc. and a third corporation, S & H Lighting Concepts, Inc., in which Defendant owned no stock, were merged into Plaintiff River City Air & Electric, Inc. on or about December 31, 2011. Hoskins Electric Company, River City Mechanical, Inc. and S & H Lighting Concepts, Inc. are referred to herein as the "predecessor entities." The merger was effected pursuant to a plan of merger which provided that the owners of stock in the predecessor companies would have their shares converted into shares in River City Air & Electric, Inc. without any action required by the holder of such shares, thereby making Defendant a shareholder in River City Air & Electric, Inc. as of December 31, 2011. Alternatively, according to the testimony of Defendant at his 2004 exam on February 14, 2014, Defendant transferred his shares in the predecessor companies to Fred W. Hoskins as of December 31, 2011 in consideration for Fred W. Hoskins transferring shares in River City Air & Electric, Inc. to Defendant in 2012. Fred W. Hoskins and Jo Ann Hoskins signed and delivered an Assignment of Shares document effective July 1, 2012 assigning to Defendant thirty one percent (31 %) of the common shares of stock in River City Air & Electric, Inc. Defendant has wholly failed to list his purported transfer of shares in the predecessor companies to Fred W. Hoskins on his Statement of Financial Affairs, further wholly failed to list his ownership interest in River City Air & Electric, Inc. on his bankruptcy schedules (Question 13, Schedule B), and denied before the Chapter 7 Trustee under oath, at the Meeting of Creditors held in the Bankruptcy Case, owning any interest in River City Air & Electric, Inc.

6. Beginning January 1, 2012 Defendant served as President of River City Air & Electric, Inc., signing Promissory Notes, credit applications, and other corporate documents as

3

President. Defendant also served as general manager of River City Air & Electric, Inc. as of January, 2012. In addition, the corporate records of River City Air & Electric, Inc. indicate that as of July 1, 2012, Defendant was officially named as a Director and as President of River City Air & Electric, Inc. Defendant wholly failed to list and disclose his status as an officer, director, and managing executive in his Statement of Financial Affairs, filed in the Bankruptcy Case.

7. Throughout 2012, Defendant engaged in the practice of regularly writing NSF checks to creditors of River City Air & Electric, Inc., all while knowing that there were not sufficient funds on deposit in the financial institution on which the check was written to cover the check. The predecessor entity River City Mechanical, Inc. had a checking account at First Community Bank in Corpus Christi, Texas, a bank at which Defendant's father, Wes Hoskins, is the President and CEO. During the first ten months of 2012, Defendant incurred over $28,000.00 in NSF check charges at First Community Bank at the rate of $28.00 per check, or a total of more than one thousand NSF checks. Defendant also maintained all of the business checking accounts for the predecessor entities of River City Air & Electric, and would write checks from one banking institution to another to give the appearance of a positive bank balance, and then write a check back to the original issuing bank to cover the check he had written, effectively engaging in check kiting. Defendant's practices constitute criminal fraud under the provisions of Chapter 32 of the Texas Penal Code. The effect of Defendant's NSF and check-kiting practices was to plunge River City Air & Electric further and further into debt while Defendant represented to the other officers, directors, shareholders, and creditors that the financial condition of the company was improving. Defendant instructed the company's bookkeeper Carroll Knight not to provide financial information to Fred W. Hoskins and on at least one occasion instructed First Community Bank in writing not to take calls from Fred W. Hoskins. Defendant was

also failing to diligently collect the receivables of the company and allowed mechanics lien filing deadlines to run without sending required notice letters and without filing required lien affidavits, contrary to the long-standing practice of the company, of which Defendant was aware.

8.　In February, 2012, Defendant received the Texas franchise tax return for River City Air & Electric, Inc. which had been prepared by the company's tax lawyer, Franklin L. Tuttle, Jr., and which showed Thirteen Thousand Three Hundred Forty Three Dollars ($13,343.00) due and owing, and which instructed Defendant to sign and file the return and pay the balance prior to May 15, 2012. Defendant knowingly and willfully failed to file the franchise tax return prepared by tax counsel. Defendant further failed to pay the tax due and instead signed and caused to be filed with the Texas Comptroller a fraudulent Texas Franchise Tax No Tax Due Report dated July 10, 2012 showing no tax due by the company. Defendant failed to disclose the substituted Texas Franchise Tax No Tax Due Report to the other officers, directors, and shareholders of the company and further ignored the notices and warnings received from the Texas Comptroller regarding the fraudulent return resulting in River City Air & Electric, Inc. being placed "Not in Good Standing" by the Texas Comptroller on or about September 21, 2012, resulting in wilfully and knowingly exposing the officers and directors of River City Air & Electric, Inc. to potential personal liability for such company's debts incurred from and after such date.

9.　On or about November 1, 2012, Defendant and Wes Hoskins, President and CEO of First Community Bank, met with two other bank officers ostensibly to obtain information in support of an application for a line of credit for River City Air & Electric, Inc. from First Community Bank. Wes Hoskins required Defendant to include in the meeting all of the individuals deemed necessary to making a credit decision and specifically asked for personal financial statements for Defendant and

for Kevin Hoskins, Vice President and majority shareholder of River City Air & Electric, Inc. Defendant has admitted under oath submitting a financial statement to First Community Bank, but wholly failed to report same on his Statement of Financial Affairs (Question 19 d.) Defendant prepared optimistic projections of the company growth through March of 2013, which he had shared with the company's bookkeeper, Carroll Knight, and the former general manager of the predecessor entities, Gary Spitzer, immediately prior to his meeting with the First Community Bank officers. In spite of the obvious necessity of Kevin Hoskins' involvement in a credit decision, Defendant excluded Kevin Hoskins from the meeting to prevent him form knowing the true financial condition of the company. Almost immediately after the November 1 meeting between Defendant, Wes Hoskins, and the other Bank officers, and directly contradicting Defendant's growth predictions, Defendant represented to the other officers and directors of River City Air & Electric, Inc., that the company must close right away.

  10. Defendant continued to argue for closing the company at a meeting of officers, directors, and shareholders on or about November 20, 2012, but Defendant concealed from those present at the meeting the true financial condition of the company and concealed Defendant's role in creating the company's debt through his fraudulent bank practices and his failure to collect receivables. Defendant also concealed from the other officers, directors and shareholders his failure to file the accurate franchise tax return that had been prepared by the company's tax attorney, his (Defendant's) substitution and filing of the fraudulent franchise tax return and the resulting exposure of all involved (including the individual Plaintiffs herein) for the liabilities of the company. Acting as the President of River City Air & Electric, Inc., Defendant discharged virtually all of the employees of River City Air & Electric, Inc. on or about November 22, 2012.

11. While the company was still considering how to deal with its financial problems, and while Defendant was still employed as an officer, director, and general manager of River City Air & Electric, Inc., Defendant, Defendant's father Wes Hoskins, and Les Wallace, who was also an officer and director of River City Air & Electric, Inc., conspired together and entered into an agreement to form a competing company to take existing air conditioning contracts and to take over contracting relationships belonging to River City Air & Electric, Inc. Such conduct was a breach of the fiduciary duties that the officers, directors, and managers owed to River City Air & Electric, Inc. and was also a breach of the covenant not to compete. The competing company was formed as Intelligent Air Services, LLC on November 26, 2012, and the company was financed with a loan from Wes Hoskins. The official documents filed with the State of Texas show Defendant and Wes Hoskins as members of the LLC, and the communications between the parties indicate that Defendant was to be an owner and managing executive of Intelligent Air Services, LLC. Defendant failed to list any ownership interest in, or involvement in the management of, Intelligent Air Services, LLC on his bankruptcy schedules—such ownership interest should have been listed in answer to Question 13 of Schedule B – Personal Property, and such ownership interest and/or involvement in management should have been disclosed in answer to Question 18 a. of the Statement of Financial Affairs--and denied under oath any such ownership, management, employment or other involvement with Intelligent Air at his Meeting of Creditors in the Bankruptcy Case on December 13, 2013. Defendant has subsequently acknowledged under oath that he performed at least bookkeeping services for Intelligent Air Services, LLC during 2013, that he did contract work for Intelligent Air Services, LLC during 2013 for which he received at least one check in 2013 which he failed to report on his bankruptcy schedules, and that the business address for Intelligent Air Services, LLC is the same as

Defendant's residence. Defendant has misrepresented his ownership interest in the company to the Bankruptcy Court, and has characterized the money he received from Intelligent Air Services, LLC though his father as gifts when it is obviously compensation and income for services performed for Intelligent Air Services, LLC, income which he failed to report on his bankruptcy schedules and Statement of Financial Affairs . Defendant's assertion that he was not and is not an owner, employee, and managing executive of Intelligent Air Services is simply not credible. Defendant and his father Wes Hoskins further attempted to manipulate the Texas Comptroller's official records regarding Defendant's ownership in Intelligent Air Services, LLC by getting their CPA to file an "Amended" document with the Comptroller showing only Wes Hoskins as the Member of Intelligent Air Services, LLC.  This filing literally occurred the day before the Meeting of Creditors was held in the Bankruptcy Case on December 13, 2013.

12. On November 29, 2012, Defendant met with Fred W. Hoskins, Kevin Hoskins, and Gary Spitzer to discuss a plan for dealing with the debt of River City Air & Electric, Inc. which the company had incurred through Defendant's fraudulent practices and wilful disregard of his fiduciary duties. Defendant was cautioned about and questioned as to whether the company's payroll taxes were paid current, and as to whether the other governmental and tax obligations had been paid. Defendant gave assurance that there were no outstanding governmental or tax obligations owed with the exception of an ongoing investigation by the Department of Labor which remained open. Defendant also brought to the meeting what he represented to be the current accounts payable and accounts receivable of the company. When asked about his future plans, Defendant indicated that he was going to open a lending office for his father's bank in the Austin area.

13. Acting in reliance upon the representations of Defendant, Fred W. Hoskins agreed to

loan the company $100,000.00 to help satisfy the claims of the company's creditors, almost all of which were believed to be (based on Defendant's representations) general trade creditors. Although there were additional meetings at the company involving Defendant, at no time prior to Fred W. Hoskins loaning money to the company did the Defendant reveal that he had misrepresented the outstanding tax obligations of the company. In truth and in fact, Defendant had failed to pay over $90,000.00 in federal payroll taxes for the third and fourth quarters of 2012, had failed to pay the company's personal property taxes of almost $100,000.00, and had been served with citations in two lawsuits for the company's personal property taxes. Defendant willfully concealed the existence of the lawsuits by hiding them in his desk drawer, willfully failed to answer such suits, resulting in default judgments including penalties, interest and attorneys' fees, and further instructed the Constable who served the citations not to tell Fred W. Hoskins of the existence of the lawsuits. Plaintiffs learned of the existence of the lawsuits only after Defendant had left the company when they found them where Defendant had hidden them in his desk. Defendant failed to pay the Texas unemployment taxes of over $17,000.00, and Defendant failed to disclose that he had filed a fraudulent tax return with the Texas Comptroller which he knew had resulted in the loss of the corporation's standing.

14. Defendant's conduct, as described in Paragraphs 4 through 13 of this Complaint, constituted knowing and intentional fraud, conversion, and breach of fiduciary duties, giving rise to a claim for both actual and punitive damages under applicable nonbankruptcy law. Plaintiff Fred W. Hoskins' actual damages total at least $275,000.00, and Plaintiff is entitled, under applicable nonbankruptcy law, to recover an additional amount as punitive or exemplary damages to deter such conduct by Defendant and others in the future. Plaintiff Kevin Hoskins has sustained actual damages

of at least $65,000.00, and likewise is entitled, under applicable non-bankruptcy law, to recover an additional amount as punitive or exemplary damages to deter such conduct by Defendant and others in the future. Plaintiff River City Air & Electric, Inc. has sustained actual damages of at least $500,000.00, and likewise is entitled, under applicable non-bankruptcy law, to recover an additional amount as punitive or exemplary damages to deter such conduct by Defendant and others in the future. Plaintiffs submit that an appropriate amount of punitive or exemplary damages in this case would be twice the amount of Plaintiff's actual damages, which amount should be awarded to Plaintiff in addition to Plaintiff's actual damages and any interest or attorneys' fees allowed by law.

15. The claim of Plaintiffs against Defendant is nondischargeable under the provisions of 11 U.S.C. §523(a)(2) because all or a portion of such claim is "for money [or] property. . . obtained by false pretenses, a false representation or actual fraud. . . ."

16. The claim of Plaintiffs against Defendant is nondischargeable under the provisions of 11 USC §523(a)(4) because all or a portion of such claim resulted from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" on the part of the Defendant.

17. The claim of Plaintiffs against Defendant is nondischargeable under the provisions of 11 USC §523(a)(6) because all or a portion of such claim resulted from "willful and malicious injury by the Debtor [*i.e.* Defendant herein] to another entity or to the property of another entity."

18. It has become necessary for Plaintiffs to employ the undersigned attorney to bring this Complaint and to otherwise enforce Plaintiff's rights and Plaintiffs are entitled to a judgment against Defendant for an additional amount as a reasonable fee for the services of the undersigned attorneys in this regard.

19. In the alternative, the Defendant should be denied a discharge altogether in this case,

pursuant to the provisions of 11 U.S.C. §727(a)(2) and (a)(7), because the Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate, has transferred, removed, destroyed, mutilated, or concealed (or has permitted to be transferred, removed, destroyed, mutilated or concealed) property of the Defendant and/or property of the Partnership, within one year before the date of filing the petition, or property of the estates of the Defendant, after the date of the filing of the bankruptcy petitions.

20. In the alternative, the Defendant should be denied a discharge altogether in this case, pursuant to the provisions of 11 U.S.C. §727(a)(5), because the Defendant has failed to satisfactorily explain the loss of assets or deficiency of assets to meet the liabilities of the Defendant and/or the liabilities of the Company.

21. In the alternative, the Defendant should be denied a discharge altogether in this case, pursuant to the provisions of 11 U.S.C. §727(a)(4) because the Defendant has made a false oath or account in or in connection with the Bankruptcy Case and has withheld from an officer of the estate (to wit: the Chapter 7 Trustee) recorded information relating to the Debtor's property or financial affairs by failing to disclose in the Statement of Financial Affairs filed in the Bankruptcy Case Defendant's alleged the transfer of his shares in River City Mechanical, Inc., and Hoskins Electric Company, by failing to schedule or otherwise disclose Defendant's ownership interest in, and involvement in the management of River City Air & Electric, Inc. and Intelligent Air Services, LLC, and by failing to schedule as an asset his ownership of shares in First Community Bank where his father is CEO and President.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be summoned to appear and answer herein and that upon the trial of this adversary proceeding, the Court enter judgment in favor of Plaintiffs and against Defendant: 1.) Determining the amount that the Defendant is indebted to Plaintiffs, including all unpaid principal, accrued and unpaid interest to the extent allowable by law and reasonable attorneys' fees; 2.) Granting judgment in favor of Plaintiffs against Defendant in the amount so determined by the Court, to include both actual and exemplary damages to the extent allowed by law, plus applicable prejudgment interest, post-judgment interest and costs of court; 3.) Determining that the indebtedness represented by each such judgment is nondischargeable under the provisions of 11 USC §523; 4.) Denying the Defendant a discharge in the Bankruptcy Case, pursuant to the provisions of 11 USC § 727(a); 5.) Taxing all costs of this adversary proceeding against the Defendant; and 6.) Granting such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

    __/s/ Leland P. McKeeman_____
Leland P. McKeeman, Attorney at Law
State Bar of Texas No. 13700500
901 S. Mopac, Bldg 1, Suite 300
Austin, Texas 78746
Phone (512) 329-2772/ Fax (512) 329-2773

ATTORNEY FOR THE PLAINTIFFS

**Certificate of Service**

I, Leland P. McKeeman, the attorney for the Plaintiffs, hereby certify that on the 28th day of February, 2014, I served a true and correct copy of the above and foregoing pleading upon the following parties in interest in the Bankruptcy Case by depositing same in the United States Mail, first class postage prepaid, and properly addressed to each such party in interest at the address indicated:

The Debtor:

Christopher William Hoskins
5410 Woodrow Ave.
Austin, TX 78756


Attorney for the Debtor:

Michael V. Baumer
7600 Burnet Road, Suite 530
Austin, TX 78757


Chapter 7 Trustee:

Randolph N. Osherow, Trustee
342 W Woodlawn, Suite 100
San Antonio, TX 78212


United States Trustee, Region 7
903 San Jacinto Blvd, Room 230
Austin, TX 78701


             __/s/  Leland P. McKeeman_____